■ In the Matter of AMIL'LION S.R. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; LYNVILLE S., Appellant, et al., Respondent. [5 NYS3d 901]—Appeal from an order of the Family Court, Kings County (Emily M. Olshansky, J.), dated March 18, 2014. The order denied the motion of Lynville S. to vacate an order of that court dated December 13, 2012, which, after a fact-finding and dispositional inquest held upon his default in appearing, inter alia, terminated his parental rights on the ground of abandonment and transferred custody and guardianship of the subject child to MercyFirst and the Commissioner of the Administration for Children's Services for the purpose of adoption.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to vacate a default in a proceeding for the termination of parental rights must establish a reasonable excuse for the default, as well as a potentially meritorious defense to the relief sought in the petition (*see* CPLR 5015 [a] [1]; *Matter of Martique S.C. [Sharika C.]*, 101 AD3d 1116, 1116 [2012]; *Matter of Niaja A.W. [Paulette G.]*, 100 AD3d 1009, 1010 [2012]). The determination of whether to relieve a party of an order entered upon his or her default is within the sound discretion of the Family Court (*see Matter of Princess M.*, 58 AD3d 854, 854 [2009]). Here, the appellant failed to establish a reasonable excuse for his default, and failed to set forth a potentially meritorious defense. The appellant's remaining contention is without merit. Accordingly, the Family Court properly denied the appellant's motion to vacate the order dated December 13, 2012, entered upon his default. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.